R-382



# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 23, 1947

Hon. David J. Morris
County Attorney
Brown County
Brownwood, Texas

Opinion No. V-258

Re: Operator of minnow
farm not entitled
to reduction of
registration fee un-
der Article 6675a-
6a, V. C. S.

Dear Mr. Morris:

Your request for an opinion of this department
reads in part as follows:

"The facts are: Defendant was operating
a 'minnow farm' which required that he haul
minnows caught in certain streams to his 15
acre tract where he allowed the minnows to
spawn and then sold them wholesale directly
from his farm without carrying them to their
destination. In doing the hauling he used
his own truck which he had licensed under Ar-
ticle 6675a-6a as a farm vehicle, and he con-
tends that he was engaged in hauling farm pro-
ducts or livestock and that he should be clas-
sified as a farmer even though he holds a
license as a bait dealer under the provisions
of Acts of 1935, 44th Leg., page 808, Ch. 345;
or P. C. Art. 934a.

"The patrol filed a case of improperly
licensing, or the apparent question is: Is
the defendant under the fact situations above
to be classified as a farmer and engaged in
hauling his own livestock and agricultural
products so as to come within the provisions
of Art. 6675a-6a?

"As to whether the defendant in our
'minnow farm' case uses his truck for any
other purposes than hauling minnows, it is
our information that he does not. He is not
a farmer in any other respect than that he is

engaged in raising 'livestock' if minnows be livestock. His 15 acre farm is cut up into minnow ponds and entirely occupied by the ponds; he breeds and raises the minnows, hauling his breeding stock from streams where they can be seined."

Article 6675a, Section 6a, Vernon's Civil Statutes, as amended by Acts of the 47th Legislature, provides:

"When a commercial motor vehicle sought to be registered and used by the owner thereof only in the transportation of his own poultry, dairy, livestock, livestock products, timber in its natural state, and farm products to market, or to other points for sale or pre-cessing, or the transportation by the owner thereof of laborers from their place of residence, and materials, tools, equipment and supplies, without charge, from the place of purchase or storage, to his own farm or ranch, exclusively for his own use, or use on such farm or ranch, the registration license fee, for the weight classifications herein mentioned, shall be fifty (50%) per cent of the registration fee prescribed for weight classifications in Section 6 of the Act hereby amended, as amended in this Act; provided further, that it shall be the duty of the Highway Commission to provide license plates distinguishable from license plates used for other commercial motor vehicles using the highways; provided further, if the owner of any commercial motor vehicle, coming within the provisions of this Act, shall use or permit to be used any such vehicle for any other purpose than those provided for in this Act, he shall be guilty of a misdemeanor, and upon conviction, shall be fined in any sum not less than Twenty-five ($25.00) Dollars nor more than Two Hundred ($200.00) Dollars, and each use of such vehicle and each permission for such use of such vehicle shall constitute a separate offense; provided, however, that all commercial motor vehicles, truck tractors, road tractors, trailers and semi-trailers as defined in Section 1 of Chapter 23 of the General Laws of the Fifth Called Session of the 41st Legislature, not coming within the provisions of

this Act, shall be required to pay all regis-
tration and license fees prescribed by the
other provisions. . . ."

The trend of authorities is in accord that fish
are not recognized as livestock nor agricultural products.
In the case of Inman vs. Chicago, M. & St. P. Ry. Co., 15
N. W. 286, 287, the Supreme Court of Iowa stated that stock
as employed in agriculture means "domestic animals or beasts
collected, used, or raised on a farm; as a stock of cattle
or of sheep, called also livestock." In the case of In re:
Dunkly, et al, 64 Federal Supplement 10, it was also hold
that fish are not recognized as livestock. In Meader vs.
Unemployment Compensation Division, 136 Pacific (2d) 984,
it was held that livestock is commonly thought of as in-
cluding animals, such as cattle, sheep, hogs and horses,and
does not include trout and spawn. The term "agricultural
products" likewise has been held to not include fish; Moli-
na vs. Rifferty, 37 Phillipine 545, 36 Corpus Juris Secundum
828.

It is the opinion of this department that minnows
are neither farm products nor livestock within the purview
or meaning of those terms as used in Section 6a of Article
6675a, Vernon's Civil Statutes. Therefore, under the facts
stated in your request, the owner of the truck is not en-
titled to register the same upon payment of the reduced
license fee prescribed in that statute.

## SUMMARY

Operator of a minnow farm, who uses his
truck for the purpose of hauling minnows to
his farm, where same are allowed to spawn
and are then sold at wholesale to persons who
haul them away from his place, is not using
his truck solely for the transportation of
"farm products" or "livestock" or for any of
the other purposes named in Sec. 6a of Art.
6675a, V. C. S. He is not entitled to regis-
ter such truck upon payment of the reduced
license fee prescribed in that statute since
minnows have been held by the courts to be
neither livestock nor agricultural products.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Artie Stephens*
        Artie Stephens
            Assistant

AS:rt

APPROVED

*Price Daniel*
ATTORNEY GENERAL